The opinion of the Court was delivered by
O’Neali*) J-
On the appeal in this case, it has been contended, first, that the marriage settlement is void, on account of not being recorded within three months, and that the property is therefore liable to be sold, as the property of Mrs. Gist; second, that admitting the .marriage settlement to be good, still that her life estate is liable to be sold, in payment of the debt to Hurtz.
1. The Act, P. L., 357, (4 Stat., 656; 6 lb.) 636,) directs that all marriage settlements, entered into after its passage, shall be recorded, or lodged to be recorded, in the Secretary of State’s office, within three months from their execution; and if not so recorded, or lodged to be recorded, “ then the same, in respect to creditors, shall be deemed, and is hereby declared to be fraudulent ; and all and every part of the estate thereby intended to be secured to such person or person's, shall be subject and liable to the payment and satisfaction of the debts due and owing by such person or persons, in as full and ample a manner, to all intents and purposes whatsoever, as if no such ■ deed, contract, or settlement had ever been made or executed.” The Act of 1792, 1 Faust, 210, (5 Stat., 203,) amendatory of this Act, excludes the creditors of the husband before marriage, from questioning the settlement.
The terms of the Act of 1785 are very general, and might, without any violence to the words, receive the construction contended for. But, as the Chancellor has very well observed, the marriage settlement is good as between the parties, notwithstanding it has not -been recorded. It is only fraudulent as against creditors, and is, as against them, the same as if no such deed, contract or settlement had ever been made or executed. The effect of this provision is to leave the property in the *215 condition that, by law, it would have been in, had no settlement been executed. The personal property of the wife^'wre mariti, on marriage, is vested in the husband, unless his marital rights are prevented from attaching by a settlement. As against his creditors, the settlement, if not recorded, will not prevent his marital rights from attaching. But the deed, as against himself, is effectual, and conveys the property. The conveyance here was from the wife : 1st. To the use of husband and wife during life; 2d. To the use of the survivor for life; and 3d. To the use of the issue of the marriage. The deed was binding on both husband and wife, and as to them, they must take under it. If the deed were void as to the creditors of Mrs. Gist, the result would be, that the property would be in the same condition as if no deed had been executed, and then the marital rights of the husband would attach and make it his, leaving no estate to the wife whatever. But, as there are no creditors of the husband contesting the deed, it follows, that at his death, it was good and valid in law", and the property passed under it, to the uses appointed by it. Mrs. Gist, therefore, takes, under it, all the estate that she can have in the property. Her creditors cannot, have any greater benefit from the deed than she takes under it. If she had a legal estate in the property, independent of the deed, then, indeed, her creditors might claim, that the deed, diminishing that legal estate, would be void as to them. But as, at the death of her husband, she could have no other estate than that-which the settlement conferred on her, it follows that they could not have the benefit of a greater estate than that to which she was legally entitled.
2. I differ from the Chancellor,- in his conclusion on the second ground, both as to the liability of the life estate of Mrs. Gist to be sold under execution; and, if it was not liable to the legal remedy, as to the power of the Court of Equity to make it available to the creditor for the payment of his debt. It is true that the Statute of Uses applies altogether to trusts in land, and that makes one distinction between trusts of real and personal estate. In the former, if the trust is not executory, or *216 if it is not necessary, to preserve the trust, that the legal estate should remain in the trustee, the Statute executes the trust so soon 'as the deed is executed, and the legal estate vests in the cestui que use. In personal estate, the legal estate remains in the trustee, until he executes the trust by delivering possession to one capable of holding in himself or herself a legal estate in the property, to the extent of the interest intended by the deed to be conferred. If the estate is to the use of a married woman, the legal estate remains in the trustee during her coverture, for 'she is incapable, of herself, to hold a legal estate in personalty in possession, which would not vest in her husband. An estate to the joint use of husband and wife, during life, may, in order to preserve the trust, not be executed by the delivery of the possession to the husband. But, after a feme is descovert, the reason no longer exists why the trust should not be regarded as executed to the extent of the estate intended to be conferred on her. If the deed gives her the property for life, her possession of it, by the consent of the trustee, vests in her a legal estate for life. She could sue for, and recover the property from a stranger, in an action of trover. She is entitled to the possession during life, and this right of possession is a legal estate in personal property. If the words of the deed showed that she was not entitled to the possession of the property itself, but was to receive the profits, then she would have no legal estate. I have looked into the deed, and find that there is no such provision — the property is conveyed “ for the use of the said Sarah Brandford Porcher and States Gist, during their joint lives, and for the use of the survivor, during his or her life.” This trust, after Mr. Gist’s death, was executed by the possession of Mrs. Gist. In the case of Jones vs. Cole, 2 Bail., 330, Mrs. Jones, the mother of the plaintiffs, being about to marry a second husband, conveyed to Samuel Hughens, in trust, for her separate use during life, and after her death, for the use of the plaintiffs, two slaves. She afterwards married the defendant, who had the possession of the slaves during his wife’s life, and after her death, refused to deliver possession to the plaintiffs. It was *217 held that the plaintiffs could maintain trover for their recovery. In that case, it is said by the Judge (Johnson) who delivered the opinion, “ The right of possession, as' well as the right of property, accrued, therefore, to the plaintiffs, at the instant of. the death of the donor. According to the terms of the trust, no act was necessary, on the part of the trustee, to' invest the cestui que trusts with the right of property — not even a conveyance, for personal' estate passes without it.” If this be law, and that it is I have no doubt, how can it be pretended that ’the estate of Mrs. Gist, upon the death of her husband, accompanied by possession, was’not a legal estate* for life ? Could the trustee recover the property from her ? It is clear he cannot. Why ? Because she is entitled to the possession, during her life. If she has the absolute right of possession of personal property during her life, is not that a legal estate? Could her trustee maintain, either trespass or trover, for the property so in her possession, against a stranger ? I apprehend he could not, for he has not the right of possession. He might maintain case, for any injury done to his reversionary rights. If he can maintain neither of these legal actions, trespass or trover, for any injury done tp, or conversion -of the property, it would seem to be an irresistible conclusion that his legal estate, for the life of Mrs. Gist, is divested, and is in her. I hence conclude that -the property is liable to execution and sale, to the extent of Mrs. Gist’s interest in it.
But if her estate was only an Equity, and not liable to execution, I think in this Court it might be made available to the creditor in payment of his debts. In McDermutt vs. Strong, 4 Johns. Ch. 687, and in Hadden vs. Spader, 20 Johns. R. 554, it was held that trust property, not liable to an execution at law, might be subjected to its payment in Equity. In 4 Johns. Ch. 690, Chancellor Kent says: “ In Bayard vs. Hoffman, the cases were examined touching the power of this Court to enable a creditor to reach trust property beyond the reach of an execution at law; and I concluded the Court had, and ought to have this power. But this case stands on stronger ground than if it *218 rested merely on the general jurisdiction of this Court upon residuary trust interests in chattels, for the plaintiffs come in the character of execution creditors, and have thereby acquired by means of their executions at law, what this Court regards as a legal preference or lien on the property so placed in trust.” In the principle of these cases I fully concur, and to their fullest extent I should be willing to give execution creditors the aid of this Court to reach property held in trust for the use of their debtors. It is a good and wise policy to protect, as far as we can legally do so, the rights of creditors.' Their property is applied often to the actual support of a debtor, who is wallowing in apparent affluence; and if, after having, perhaps almost consumed the entire means of the creditor, he or she was permitted to turn round and say: true I have an abundance with which I could, if I would, pay your debt, but my estate is not a legal one, it is a mere equity, and Equity will not permit it to be sold to pay you; — such a technical objection, would better subserve the purposes of injustice and fraud, than those of right, equity' and good conscience.
The Court should, in giving its aid against a trust property, take sufficient precaution to guard any ulterior rights of others, than the debtor, in the property, against public injury or loss. As the rights of all- parties in interest in this case are now before the Court, it is nefcessary to make such an order as will give the defendant, Hurtz, the full benefit of his rights as an execution creditor, and, at the same time, preserve the rights in remainder of the children of Mr. and Mrs. Gist.
It is, therefore, ordered and decreed, that the decree, of Chancellor DeSaussure be' modified according to the principles contained in this opinion: that it be referred to the Commissioner to ascertain and report the amount of the debt, interest and costs, due on the judgment of the defendant, Hurtz; and tha,t if the same be nofpaid, upon the confirmation of his report, that he do advertise and sell so many of the slaves, included in the said marriage settlement, for the life of Mrs. Gist, as may be necessary to pay the same, and that he do take bonds and *219 good ■ personal security from the purchasers, not to' abuse the said slaves, nor to sell, alien, or carry beyond the'jurisdiction of •this Court, any of -them ; and at the death of Mrs. Gist, to deliver the same, if alive, with their increase, if any, to the complainant, for the use of the children of Mr. and Mrs. Gist; in all other respects the decree is affirmed.
JohnsoN and Harper, JJ., concurred.

Decree modified.

Note. This case, upon the principal point decided, is generally considered as overruled by the principles recognized by the Court of Errors in the cases of Rice vs. Burnett, and Ioor vs. Hodges, Sp. Eq. 579, 593; and, so far as the argument of his Honour Judge O’Neall, goes to show, that the life-tenant, Mrs. Gist, took, upon the death of her husband, a legal estate, which was liable to levy and sale under execution, this is correct. But it is apprehended, that the judgment of the Court — the ideo eonsideratum est — is not inconsistent with the principles of Rice vs. Burnett, and Ioor vs. Hodges. The Judge here discusses the question as to the power of the Court to subject equitable estates to the claims of the creditors of. the cestui que tmist; concludes that it has the power; and the judgment of the Court seems to proceed upon the idea that the estate of Mrs. Gist was an equitable one; for it .orders the sale to be made by the Commissioner, and directs him to take bonds from the purchasers ibr the forthcoming of the property at the termination of the life estate. The case of Pringle vs. Allen, 1 Hill Ch. 135, cannot, however, be reconciled with Rice vs. Burnett, and loor vs. Hodges, and must, therefore, be considered as overruled. The judgment in that case proceeds upon the ground, that the marital rights of the husband of the life-tenant attached upon her estate; and if her es.tate had been equitable, it ■yvould not have attached. R.